UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUSTIN WADE RUFFINO,<br><br>               Petitioner,<br><br>          v.<br><br>FEDERAL BUREAU OF PRISONS, et al.,<br><br>               Respondents. | Case No. 2:25-cv-10592-CAS-JC<br><br>MEMORANDUM OPINION AND ORDER DISMISSING ACTION |

## I.     BACKGROUND AND SUMMARY

On May 7, 2025, Petitioner, who is proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition) in the United States District Court for the District of Utah ("Utah District"), asserting that the Bureau of Prisons ("BOP") has failed to provide him with all sentencing credit to which he is entitled. (Docket No. 1). At the time Petitioner filed the Petition, he was housed at FCI Victorville, P.O. Box 3725, Adelanto, California 92301 ("Address of Record").

On October 31, 2025, the Utah District transferred the case to the Central District of California, and it was subsequently assigned to this Court and referred to a United States Magistrate Judge. (See Docket Nos. 3 [Transfer Order], 7 [Notice

of Judge Assignment and Reference to a United States Magistrate Judge ("Notice")]).  On November 10, 2025, the Magistrate Judge issued (1) an Order Requiring Answer to Petition for Writ of Habeas Corpus ("Case Management Order"); and (2) an Order Regarding Requirements for Preparation and Submission of Documents (collectively "November Orders").  (Docket Nos. 5-6).  The Clerk sent the November Orders to Petitioner at his Address of Record on November 10, 2025, and sent the Notice to Petitioner at his Address of Record on November 13, 2025. (See Docket Nos. 5-7).  Such items advised Petitioner of his obligation to keep the Court informed of his current address and of the consequences of failing to do so.  (Docket Nos. 5-7).  The Case Management Order set a briefing schedule on the Petition which the Court subsequently extended at Respondents' request.  (See Docket Nos. 5, 9, 10).

On November 24, 2025, the November Orders that were sent to Petitioner were returned by the Postal Service as undeliverable and with an indication that they could not be forwarded.  (Docket Nos. 11-12).  To date, Petitioner has failed to notify the Court of his new/updated address.

As discussed below, this action is dismissed due to Petitioner's failure to keep the Court apprised of his correct address, which amounts to a failure to prosecute.

II.     **DISCUSSION**

Pursuant to Local Rule 41-6, a party proceeding *pro se* is required to keep the Court apprised of his current address at all times.  Local Rule 41-6 provides in pertinent part:

> A party proceeding *pro se* must keep the Court and all other parties informed of the party's current address as well as any telephone number and e-mail address.  If a Court order or other mail served on a *pro se* plaintiff at his address of record is returned by the Postal Service as undeliverable and the *pro se* party has not filed a notice of

1  change of address within 14 days of the service date of the order or
2  other Court document, the Court may dismiss the action with or
3  without prejudice for failure to prosecute.

In the instant case, more than 14 days have passed since the service dates of the November Orders.  As noted above, to date, Petitioner has not notified the Court of his new address.

The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions for failure to prosecute.  See Fed. R. Civ. P. 41(b); Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962).  In determining whether to dismiss an action for failure to prosecute, a district court must consider several factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant/respondent; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994).  Dismissal is appropriate under the foregoing analysis "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal."  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted).

The Court finds that the first two factors – the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal.  The Court cannot hold this case in abeyance indefinitely based on Petitioner's failure to notify the Court of his correct address. See Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal of action for lack of prosecution pursuant to local rule which permitted such dismissal when pro se plaintiff failed to keep court apprised of correct address; "It would be absurd to require the district court to hold a case in abeyance indefinitely just because it is unable, through plaintiff's own fault, to contact the plaintiff to determine if his reasons for not prosecuting his lawsuit are reasonable or not.").

1  The third factor, risk of prejudice to the Respondent, also weighs in favor of
2  dismissal since a presumption of injury arises from the occurrence of unreasonable
3  delay in prosecuting an action. Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th
4  Cir. 1976). The fourth factor, the public policy favoring disposition of cases on
5  their merits, is greatly outweighed by the factors in favor of dismissal discussed
6  herein. Finally, given the Court's inability to communicate with Petitioner based
7  on his failure to keep the Court apprised of his current address, no lesser sanction
8  is feasible. See Musallam v. United States Immigration Service, 2006 WL
9  1071970 (E.D. Cal. Apr. 24, 2006).

## III.  ORDER

IT IS THEREFORE ORDERED that this action is dismissed for want of prosecution based upon Petitioner's failure to keep the Court apprised of his current address.

IT IS SO ORDERED.

DATED: December 10, 2025

*Christina A. Snyder*

HONORABLE CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE